**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No. 18-19121-RAM |
| 1 GLOBAL CAPITAL LLC, *et al*., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

## MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Carl Ruderman ("Ruderman"), through undersigned counsel, hereby moves pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45 to quash the subpoena (the "Subpoena") issued pursuant to Rule 2004 in connection with the *Notice of 2004 Examination of Carl Ruderman* (the "Notice of Examination") [ECF No. 2189] scheduled for February 13, 2020 at 10:00 a.m. and for a protective order if the Subpoena is not quashed. In support of the Motion, Ruderman states:

### INTRODUCTION

The Court should quash the Subpoena because it is designed to harass Ruderman and is outside the due process protections afforded under applicable law. It is well known Ruderman is a litigation target of the estate and creditors for his role at the Debtors. Early in the bankruptcy case, the Debtors retained special counsel to investigate Ruderman and other litigation targets. Over one year ago, Ruderman received a demand letter from Debtors' counsel, the Creditors Committee and the Foster class action claimants detailing various alleged specific claims against him and outlining detailed damages calculations. In an effort to resolve those claims, Ruderman and estate representatives participated in an unsuccessful mediation over one year ago, and the parties have continued negotiations but have been unable to settle the claims against Ruderman to date.

Instead of filing suit against Ruderman, who would deny and submit affirmative defenses to those allegations, the Liquidating Trustee now attempts to abuse Rule 2004 to examine Ruderman prior to filing suit. The Court should quash the subpoena as such discovery should be made through an adversary proceeding or separate lawsuit where Ruderman can exercise his rights and limit the scope of inquiry in accordance with applicable rules of discovery.

Should the Court deny the request to quash the Subpoena, Ruderman seeks a protective order postponing the examination pending resolution of the ongoing parallel criminal investigation and proceedings against Ruderman. Ruderman is the target of a federal grand jury investigation, as several of his colleagues at 1 Global have been criminally charged by the Department of Justice and have pled guilty. Those cases list Ruderman as an alleged co-conspirator. With an ongoing federal criminal investigation that is targeting him, Ruderman cannot provide Rule 2004 testimony without waiving his Fifth Amendment privilege. Moreover, if Ruderman were to testify and invoke his Fifth Amendment privilege, such testimony may adversely affect the pending adversary proceeding (*Foster v. Ruderman*, Adv. No. 18-01438-RAM) and be used by the estate in support of the claims that it will be filing against Ruderman, likely in the near future.

Alternatively, if the Court does not quash the Subpoena or postpone the examination until after the criminal proceedings against Ruderman are completed, the Court should enter a protective order that, among other things, limits the topics of the Liquidating Trustee's inquiries and orders that any testimony cannot be used against Ruderman in any other proceeding.

**FACTUAL BACKGROUND**

1. On July 27, 2018 (the "Petition Date"), the Debtors commenced the chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. Prior to the bankruptcy case, Ruderman was previously the chairman and chief executive officer of the Debtors.

3. Since the Petition Date, Ruderman has not been involved with the Debtors.

4. As of the Petition Date through the Effective Date (as defined herein), James S. Cassel acted as an independent manager for the Debtors, and Bradley Sharp acted as Chief Restructuring Officer.

5. The Debtors retained special conflicts counsel ("Special Conflicts Counsel") to the Debtors to investigate and prosecute claims and causes of action against the Debtors' former officers and directors, including Ruderman. See ECF Nos. 329, 555, and 639.

6. On October 26, 2018, the action *Sarah Foster, individually and on behalf of all others similarly situated v. Carl Ruderman*, Case No. 2018-030906-CA-01, of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County Florida, was removed to this Court, and such action is currently pending as Adv. No. 18-01438 (the "Foster Action"). The Foster Action asserts claims for federal and Florida securities violations against Ruderman. Ruderman has not responded to the operative Complaint in the Foster Action.

7. On February 4, 2019, undersigned counsel received a demand letter from Special Conflicts Counsel for the Debtors detailing many alleged claims against Ruderman and damages it intends to seek against Ruderman.

8. On February 6, 2019, Ruderman and multiple other parties, including the Creditors Committee and the plaintiff in the Foster Action, participated in a mediation to resolve the claims that existed between the parties. The mediation as it related to the claims against Ruderman was unsuccessful, and the parties have engaged in settlement discussions since the mediation.

9. On September 20, 2019, the Court entered the *Order Confirming First Amended Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [ECF No. 1197], confirming the *First Amended Joint Chapter 11 Plan of Liquidation* [ECF No. 1197] (the "Plan"), directing the execution of the 1 GC Collections Creditors' Liquidating Trust Agreement [ECF No. 1587] forming the 1GC Collections Creditors' Liquidating Trust (the "Liquidating Trust") and approving the appointment of the Liquidating Trustee as the liquidating trustee of the Liquidating Trust.

10. On November 21, 2019 (the "Effective Date"), the Effective Date of the Plan occurred. *See Notice of (A) Effective Date of Chapter 11 Plan and (B) Administrative Claims Bar Date* [ECF No. 1586].

11. The Plan assigned all causes of action of the Debtors to the Liquidating Trust.

12. James S. Cassel is currently the Liquidating Trustee of the Liquidating Trust and is represented by Special Conflicts Counsel.

13. On January 28, 2020, the Liquidating Trustee unilaterally issued the Notice of Examination notifying parties of the examination of Ruderman on February 13, 2020 at 10:00 a.m.

14. On January 31, 2020, the Liquidating Trustee issued the Subpoena.

15. On February 3, 2020, Ruderman filed a *Motion to Stay Adversary Proceeding* (the "Motion to Stay") in the Foster Action [ECF No. 97 in the Foster Action]. The Motion to Stay requests that the Foster Action be stayed pending the completion of the criminal investigation and proceedings against Ruderman. The request includes a stay all pre-trial deadlines, notices of deposition, discovery, and response deadlines. Ruderman filed the Motion to Stay to fully protect

his rights under the U.S. Constitution.  The hearing on the Motion to Stay is scheduled to be heard on February 26, 2020 [ECF No. 99 in the Foster Action].

**RELIEF REQUESTED**

**Applicable Legal Standards**

16. An examination under Rule 2004 must "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "The primary purpose of a Rule 2004 examination is for 'revealing the nature and extent of the bankruptcy estate, and for discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008) (*citation omitted*).

17. Rule 45(c) of the Federal Rules of Civil Procedure, made applicable through Federal Rule of Bankruptcy Procedure 9016, allows the Court to modify or quash a subpoena. Once a motion to quash a subpoena is made, "[t]he party seeking information under Rule 2004 has the burden of demonstrating good cause for conducting the requested discovery.  This burden can be satisfied by demonstrating either that the Rule 2004 discovery is needed to establish a claim, or that the denial of the discovery would cause undue hardship or injustice." *In re Gaime*, 2018 WL 7199806, at *2 (Bankr. M.D. Fla. Dec. 18, 2018), *clarified on denial of reconsideration*, 2019 WL 436749 (Bankr. M.D. Fla. Jan. 23, 2019) (*citation omitted*).

18. Although Rule 2004 is broad, there are limits regarding Rule 2004 examinations. Courts have denied parties the ability to take Rule 2004 examinations when the examination would circumvent the more stringent discovery rules in adversary proceedings or contested matters.  *See*

*In re Gaime*, at *3; *see also In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 456 (Bankr. D. N.J. 1998). This is commonly referred to as the "pending proceeding rule".

19.     Even though the Liquidating Trust has not sued Ruderman, this Court has recognized the importance of the "pending proceeding rule" and its applicability in cases where litigation has not been initiated:

> Using Rule 2004 to obtain discovery relevant to outside litigation is precisely the type of prejudice to the discovery target that the pending proceeding rule is designed to avoid….The importance of complying with applicable rules of discovery when pursuing evidence related to a particular cause of action, as opposed to the more flexible limits of a Rule 2004 examination, is so critical that a district court impounded discovery taken under Rule 2004 **where outside litigation was contemplated but had not yet been formally filed**. *Collins v. Polk*, 115 F.R.D. 326 (M.D. La. 1987) (where a district court plaintiff accompanied a bankruptcy trustee on Rule 2004 examinations without advising the deponent of the plaintiff's intent to use the information obtained at the Rule 2004 examinations in future district court litigation, the district court impounded all Rule 2004 depositions and "*strongly* condemn[ed]" the plaintiff's actions).

*In re Sanomedics, Inc.* 2018 WL 3816772 at *2-3, (Bankr. S.D. Fla. July 24, 2018) (J. Mark) (**emphasis added**).

**The Subpoena Must Be Quashed**

20.     The Subpoena must be quashed.  The purpose of the examination is to harass Ruderman and assist the Liquidating Trustee in supporting the claims and transactions the estate has already investigated and identified in its demand letter to Ruderman.  Consequently, the Liquidating Trustee cannot meet his burden to show good cause for the Rule 2004 examination of Ruderman because the examination cannot be "necessary to establish the claims" that have already been identified, or necessary to uncover the wrongdoing that the estate has already uncovered. *See In re MF Global, Inc.*, 2013 WL 74580 *1 (Bankr. S.D. NY Jan. 8, 2013).  Additionally, quashing

the Subpoena would not cause undue hardship to the Liquidating Trustee because the Liquidating Trustee can take discovery when the Liquidating Trust initiates litigation against Ruderman.

21. More importantly, an examination regarding Ruderman's alleged wrongdoing would violate the pending proceeding rule, which is designed to protect parties from using Rule 2004 to circumvent appropriate discovery procedures. Special Conflicts Counsel made demand in writing over one year ago setting out detailed allegations and claims against Ruderman and have demanded payment for damages. However, the Debtors, and its successor, the Liquidating Trust, have yet to file an action against Ruderman. If the Liquidating Trust sues Ruderman, it can seek the discovery it now seeks through the Subpoena in such litigation, but it will allow Ruderman to defend the claims and provide Ruderman the protections provided under applicable discovery rules. This Court has disapproved of the use of Rule 2004 to obtain discovery in cases where a party contemplated but not yet initiated outside litigation. *See In re Sanomedics* at \*2-3 (citing *Collins v. Polk*, 115 F.R.D. 326 (M.D. La. 1987)). This case is no different. *Id.*

22. Accordingly, the Court should quash the Subpoena because (a) the Liquidating Trustee cannot meet its burden to establish good cause to examine Ruderman about claims and damages that have already been investigated and identified, and (b) the pending proceeding rule bars the Liquidating Trustee's attempt to examine Ruderman pursuant to Rule 2004.

**Alternatively, the Court Should Enter a Protective Order (a) Postponing the Examination Until the Criminal Investigation and Proceedings are Completed, and (b) Modifying the Subpoena**

23. The Court should enter a protective order postponing the examination until the criminal investigation and proceedings into Ruderman are completed. The power to stay a civil action is inherent in the court's authority. *See, e.g., Coquina Invs. v. Rothstein*, No. 10-60786-CIV, 2011 WL 2530945, at \*1 (S.D. Fla. June 24, 2011) (citing *Landis v. N. Am. Co.*, 299 U.S.

248, 254–55, (1936)).  A court must stay a civil proceeding pending resolution of a related criminal proceeding "when 'special circumstances' so require in the 'interest of justice.'"  *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015) (quoting *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)).  In assessing whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance."  *Young v. Miami-Dade Cty.*, 217 F. Supp. 3d 1353, 1355 (S.D. Fla. 2016) (*citations omitted*).

24. The purpose of such a stay is to relieve the defendant from facing the Hobson's choice of selecting between "invoking the fifth amendment in a civil case, thus risking loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution." *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985).  Notably, a stay is appropriate where, as here, the defendant has not been indicted but there is an active criminal investigation into him or her.  *See, e.g., Walsh Securities, Inc. v. Cristo Property Mgmt, Ltd.*, 7 F.Supp.2d 523, 527-28 (D.N.J. 1998) (granting stay of discovery in civil fraud case where there was an active criminal investigation where indictments had not occurred).

25. Courts in this district consider the following factors in determining whether the interests of justice require a stay:

(1) The extent to which the defendant's Fifth Amendment rights are implicated;
(2) The interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiff from delay;
(3) The burden any particular aspect of the proceedings may impose on the defendant;
(4) The efficient use of judicial resources;
(5) The interests of persons not parties to the civil litigation;
(6) The interests of the public in the pending civil and criminal litigation; and
(7) The extent the issues in the civil and criminal cases overlap and the status of the criminal case.

*State Farm Mut. Auto. Ins. Co. v. Felinger*, 2017 WL 5953299, at *2 (S.D. Fla. Nov. 20, 2017).

26. The interests of justice require the examination to be postponed. "The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." *Securities & Exchange Comm. v. HealthSouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ga. 2003). Here, there is an almost complete overlap between the subject of the criminal investigation and the 2004 examination: both pertain to Ruderman's conduct as chairman and CEO of 1 Global, including his compensation, alleged transfers of assets, and 1 Global's various transactions including with affiliated and unaffiliated entities. Thus, the Liquidating Trustee's 2004 examination of Ruderman will focus on issues at the heart of the criminal investigation and Ruderman will assert his Fifth Amendment rights.

27. Moreover, asserting his Fifth Amendment rights at the 2004 examination may prejudice Ruderman in the Foster Action (if it is not stayed), and any litigation that the Liquidating Trust or third party may bring against Ruderman in the future. Thus, the interests of justice mandate a protective order postponing the examination until the criminal investigation and criminal proceedings against Ruderman are completed.

28. The Court also has the inherent authority to modify or quash the Subpoena under Rule 9016 if it imposes an undue burden on the person subject to the subpoena. Thus, if the Court does not quash the Subpoena and allows the examination to proceed, it should limit the Subpoena and examination to lessen the burden and prejudice on Ruderman as follows:

- The Liquidating Trustee may not inquire any information relevant to the allegations, claims, and damages against Ruderman raised in the demand letter;

- No statement made in the examination may be used by any person or party in any litigation or proceeding against Ruderman;

- Fed. R. Civ. P. 30 shall apply to the examination; and

9

- Ruderman may not be subjected to a second deposition by the Liquidating Trustee or any party that appears at the examination on any topic raised in the examination including any adversary proceeding or lawsuit brought by the Liquidating Trustee.

WHEREFORE, Ruderman respectfully requests this Court grant the Motion and quash the Subpoena in its entirety or alternatively, enter a Protective Order postponing the 2004 examination of Ruderman until further order of the Court and/or limiting the scope of inquiry as set forth above, and granting any other or further relief that this Court deems just and proper.

## CERTIFICATION

Undersigned counsel certifies that it has conferred with Liquidating Trustee's counsel in a good faith effort to resolve the issues raised herein and has been unable to do so.

Dated: February 11, 2020    Respectfully submitted,

**JONES LAW OFFICE, P.A.**
9130 S. Dadeland Boulevard, Suite 1209
Miami, Florida 33156
Tel: (305) 918-2299
Fax: (305) 938-5040

By:    */s/ Jason Z. Jones*
Jason Z. Jones
jjones@joneslawpa.com
Florida Bar No. 186554

and

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
2 South Biscayne Boulevard, Suite 1750
Miami, Florida 33131
Telephone: (305) 400-4260

By:    */s/ Michael A. Pineiro*
Michael A. Pineiro
mpineiro@mnrlawfirm.com
Florida Bar No. 41897

*Counsel for Carl Ruderman*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on February 11, 2020 via transmission of Notices of Electronic Filing generated by CM/ECF to all parties registered to receive notice in this bankruptcy case as of the date hereof.

/s Jason Z. Jones
Jason Z. Jones